**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LORENZO NUÑEZ-ELIAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-10-CR-2805-PRM** |
| | § | **EP-11-CV-431-PRM** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING HABEAS RELIEF

On this day, the Court considered pro se Petitioner Lorenzo Nuñez-Elias's (Nuñez)

"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody" (ECF No. 36)[1] [hereinafter Motion], filed on October 24, 2011; the United

States of America's (the Government) "Response to Movant's Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 44)

[hereinafter Response], filed on December 30, 2011; and the Government's "Supplemental

Response to Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence

by a Person in Federal Custody" (ECF No. 45) [hereinafter Supplemental Response],[2] filed on

March 13, 2012. After due consideration, the Court is of the opinion that Nuñez's Motion

should be denied for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nuñez was born in Tres Jacales, Chihuahua, Mexico on October 9, 1956. Supp. Resp.

Ex. D [hereinafter N-600 Application] (providing a copy of the N-600 application for derivative

citizenship that Nuñez filed in 2005). At the time of his birth, Nuñez's parents were married, his

---

[1] Throughout this Order, "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-10-CR-2805-PRM.

[2] The Government originally provided the sealed exhibits attached to the Supplemental Response in the Response as in camera exhibits. Supp. Resp. 1.

mother was a citizen of Mexico, and his father was a citizen of the United States of America. Resp. 2 (citing Nuñez's "Application for Immigrant Visa and Alien Registration"); *See* Supp. Resp. Ex. E. In 1978, Nuñez applied for and received Resident Alien status, affording him permission to reside in the United States. Resp. 2-3. On October 6, 1993, following a guilty plea, Nuñez was sentenced on federal charges of conspiracy to possess and distribute more than 500 grams of cocaine and 1,000 kilograms of marihuana and of using and carrying a firearm in a drug trafficking crime. Resp. Ex. I (providing a copy of the judgment of conviction). As a result, he was sentenced to a total of 168 months in federal prison. *Id.* Upon release from prison, Nuñez's resident alien status was revoked and he was removed to Mexico on September 2, 2005. Supp. Resp. Ex. J (providing a copy of the Immigration and Naturalization Services I-205 form documenting removal).

Nuñez subsequently re-entered the United States on October 9, 2010 without lawful permission to do so. J. in a Crim. Case, Mar. 7, 2011, ECF No. 35. On January 10, 2011, he pled guilty to the offense of illegal re-entry pursuant to 8 U.S.C. § 1326. ECF No. 32. Thereafter, on March 3, 2011, the Court sentenced him to thirty-six months' imprisonment, a sentence he is presently serving.[3] J. in a Crim. Case. This is the underlying conviction for illegal re-entry that Nuñez now seeks to have the Court dismiss. Mot. 1.[4]

In his Motion, Nuñez argues that because he is a United States citizen, his conviction for illegal re-entry must be dismissed; he requests that the Court hold an evidentiary hearing in order that he may prove his citizenship. Mot. 4, 14. Specifically, Nuñez contends that he is a citizen

---

[3] The Court varied downward from the United States Sentencing Guidelines' suggested range of 46-57 months when it set the sentence at 36 months. Resp. Ex. K 10 [hereinafter Sentencing Transcript].

[4] The Motion is not properly paginated. In order to facilitate accurate citation to the record, the Court has numbered the pages consecutively, to include all documents submitted, even those that might traditionally have been filed as attachments.

of the United States because his father was a United States citizen, who met the minimum residency requirements established by law at the time of Nuñez's birth to convey derivative citizenship. Mot. 4. Nuñez contends that he can prove his citizenship through the sworn testimony of family members and by way of documentary evidence, including his father's birth certificate, a document attesting to his father's service and honorable discharge from the United States Navy, his parents' death certificates, and Nuñez's birth certificate. Mot. 4, 14.

## II.    LEGAL STANDARD

### A.    Defendant's Pro Se Status

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining the lower standard for pro se pleadings). Additionally, when the complaint is filed pro se, a court must observe its duty to construe the allegations liberally and more permissively. *S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Thus, "[u]nless the frivolousness of a claim is facially apparent, it is incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (internal quotations omitted). At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

**B.    28 U.S.C. § 2255**

Nuñez brings his Motion pursuant to 28 U.S.C. § 2255, which provides that prisoners in federal custody may collaterally attack their sentences by petitioning "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2006).  Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (internal quotations and citations omitted).  Therefore, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982).  After all, once a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *Frady*, 456 U.S. at 164).  Lastly, petitioners seeking § 2255 relief bear the burden of "sustaining [their] contentions . . . by a preponderance of the evidence." *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982) (applying the standard in a pro se case).

## III.    ANALYSIS

Nuñez concedes that he failed to pursue a direct appeal of his underlying illegal re-entry conviction. Mot. 2.  "It is well settled that when a habeas petitioner has procedurally defaulted a challenge to his guilty plea by failing to raise it on direct appeal, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted." *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (citations omitted).

## A.    Cause and Prejudice

To demonstrate "cause" to overcome a procedural default, a petitioner must, ordinarily,

show that "'some objective factor external to the defense impeded counsel's efforts to comply'"

with the procedural rule, "such as 'the factual or legal basis for a claim was not reasonably

available to counsel, or that some interference by officials made compliance impracticable.'"

*Smith v. Quarterman*, 515 F.3d 392 (5th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478,

488 (1986)). "As for prejudice, the [petitioner] must show 'not merely that the errors . . . created

a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *Murray*, 477 U.S.

at 493).

Construing his petition liberally in his favor, the Court notes that, on the standard § 2255

form that makes up the first thirteen pages of Nuñez's Motion, Nuñez's responded to the

question, "If you did not raise this issue [of citizenship] in your direct appeal, explain why."

Mot. 5. Therein, Nuñez simply asserts, "Not represented, not able to file," and provides no other

information explaining his default anywhere in his Motion. *Id.* However, elsewhere in his

Motion, Nuñez acknowledges that he was represented at the time of his plea and of his

sentencing. Mot. 11. Further, the transcripts from both his plea hearing and his sentencing show

that he was represented. Resp. Ex. B [hereinafter Plea Transcript]; Sentencing Tr. Additionally,

the transcripts demonstrate that he was informed of his right to appeal. Plea Tr. 19; Sentencing

Tr. 2-3 (the Court addressed Nuñez, explaining, "you do have a right to appeal. If you would

like to appeal, make sure your lawyer knows that, so that your lawyer can file the appropriate

paperwork").

Nuñez fails to identify any objective factors with any support in the record that could serve to explain the cause of his default. Merely stating that he was "unable to file," without a more descriptive explanation, does not absolve Nuñez of his failure to pursue an appeal. In light of the foregoing, the Court determines that Nuñez's mere conclusory allegations are insufficient to meet the "rigorous" cause and prejudice standard. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (describing the cause and prejudice standard as "significantly more rigorous than even the plain error standard" applied on direct appeal).

**B.    Actual Innocence**

The actual innocence exception to the procedural default rule is exceptionally narrow. *See Moore v. Quarterman*, 534 F.3d 454, 464 (5th Cir. 2008) (explaining that the exception is only appropriate in an "extraordinary case," otherwise, courts would "undermine the proper finality of criminal convictions and eviscerate the cause prong of the cause and prejudice test" (internal quotations and citations omitted)). "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations and citation omitted). "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted); *see also Moore*, 534 F.3d at 464 (repeating the requirements for new and reliable evidence that was not presented at trial).

Nuñez falls well short of the narrow actual-innocence exception because he has failed to demonstrate that he can offer any *new* evidence that was not available to him at trial. He merely states that he "will have sworn testimony at [the] hearing from family [members]" and that he

6

has attached documentation supporting his claim to his Motion. Mot. 4. Regarding the sworn testimony of family members, there is nothing in the record to suggest that the possibility of such testimony was unknown to him at the time of his plea.[5] Moreover, there is nothing in Nuñez's Motion to suggest that the testimony would include newly discovered revelations, come from newly discovered family members, or that the family members were unavailable to testify earlier. Similarly, the documents that Nuñez attached to his Motion are, for the most part, documents that he included with his N-600 Application for derivative citizenship, filed on July 22, 2005, well before his plea to the underlying conviction. N-600 App. 6. The only documents that Nuñez presents in his Motion that were not a part of his N-600 Application are his mother's and father's death certificates. The certificates show that his mother and father died in 2003 and 2004, respectively, in El Paso County, Texas. Consequently, both certificates were part of the public record at the time Nuñez pled guilty on January 10, 2011 to illegal re-entry, the underlying conviction he now seeks to challenge. Accordingly, none of the evidence Nuñez offers in his Motion is *new*. *See Moore*, 534 F.3d at 465 (concluding that evidence is not "new" when it was "always within the reach of [the defendant's] personal knowledge or reasonable investigation"). Because Nuñez has failed to offer any new evidence of his innocence, he cannot overcome his procedural default.

Moreover, the evidence presently before the Court is insufficient to meet the high standards required by a petitioner to demonstrate actual innocence to overcome a procedural

---

[5] To the contrary, during Nuñez's plea hearing, the Court noted that he had, prior to his plea hearing, raised the issue of proving derivative citizenship through documents held by his relatives, which documents were presently unavailable. Plea Tr. 3. However, when the Court asked Nuñez if he desired to "go forward with the plea" despite the unavailability of those documents, Nuñez responded, "Yes, Your Honor." *Id.* Therefore, even before he pled guilty, Nuñez was aware of family members who might testify on his behalf and of purportedly unavailable documents.

default.[6] The mere possibility of innocence, or a "speculative claim" of innocence, is insufficient to meet the high actual innocence standard in order to overcome a petitioner's procedural default. *Moore*, 534 F.3d at 465 n.17. Simply put, the evidence in the record fails to demonstrate that Nuñez's father met the residency requirements under the law to support Nuñez's claim of derivative citizenship.

## C.    Request for a Hearing

"A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). For the reasons explained above, Nuñez's request for a hearing is denied because the record conclusively demonstrates that he has no demonstrable cause for his default and because he offered no new evidence in support of his actual innocence claim. Moreover, as a whole, Nuñez's Motion lacks the factual specificity required to entitle a petitioner to a hearing; instead, he relies upon conclusory assertions. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (upholding denial of an evidentiary hearing on an ineffective assistance of counsel claim where the petitioner did not specify what "actions his attorney should have taken or how those actions would have affected the outcome of the trial"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (upholding denial of an evidentiary hearing as to petitioner's claims in which he made only "conclusory assertions," but granting a hearing as to other claims made with greater specificity and support in the record). Here, Nuñez does not even endeavor to describe the contents of the testimony he would offer from family members. Therefore, Nuñez has offered insufficient allegations to merit a hearing.

---

[6] To the extent that Nuñez asserts a "freestanding actual innocence claim," the Court denies that claim because it is not cognizable in the Fifth Circuit. *Kinsel v. Cain*, 647 F.3d 265, 270 n.20 (5th Cir. 2011). Even if it were cognizable, Nuñez has failed to meet the "extraordinarily high" burden of proving such a claim. *See id.* (describing the burden).

### D.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. § 2255 PROC. R. 11(a).  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted. *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* in the context of § 2255 proceedings).  Here, Nuñez cannot show that a reasonable jurist would question the Court's ruling that he has procedurally defaulted on his claim and that he does not meet any of the exceptions to overcome a  procedural default.  Accordingly, the Court denies Nuñez a certificate of appealability.

## IV.    CONCLUSION

Nuñez failed to appeal his conviction for illegal re-entry; consequently, he has procedurally defaulted on his claim.  Moreover, although he asserts that he is actually innocent of illegal re-entry, Nuñez has failed to carry the heavy burden of demonstrating his innocence with new evidence that would allow him to overcome his procedural default.

Accordingly, **IT IS ORDERED** that Petitioner Lorenzo Nuñez-Elias's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 36) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner Lorenzo Nuñez-Elias's civil cause, EP-11-CV-431-PRM, is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner Lorenzo Nuñez-Elias's is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**SIGNED** this _26_ day of **March, 2012**.

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**